No. 680
### PARSONS v. WEINSTEIN, Trustee et
Ohio Appeals, 9th Dist., Lorain County
No. 302.  Decided June 24, 1924

**787. MORTGAGES—1. When property is in possession of third person, purchaser in foreclosure is charged with notice of equitable title.**

**703. LANDLORD AND TENANT.**

**1. Lessee entitled to possession when purchaser in foreclosure buys premises while lessee is in possession.**

**2. Lessee entitled to possession or damages for value of remaining term of lease.**

PARDEE, J.                    Epitomized Opinion

In 1912 Nicholas Rock and Rose Rock, owners of a business block in Elyria, executed a mortgage upon the same to secure a note of $12,000.  This mortgage was held by the Savings & Trust Co.  In 1920 the Rocks deeded the real estate to Weinstein, who assumed the mortgage and also executed another mortgage to the said bank for $7,000, also executed a third mortgage to the Rocks securing a note for $13,700.  This note and third mortgage were finally bought by plaintiff.  While Rock

was the owner in 1920, he leased a storeroom to one Shelly for three years with a five-year renewal clause. This lease had but one witness and the evidence shows was not acknowledged although the name of a notary appeared thereon, but was filed for record in 1920 and recorded.

In 1916 Rock leased the other storeroom to Wellert for three years with a seven-year renewal clause. This lease to Wellert was properly signed, witnessed and acknowledged, but was not filed for record. Both leases were in possession when the foreclosure suit was brought by the assignee of the third mortgage. By consent of the parties, the property was sold. The question arose as to whether the lessees or the third mortgagee had a priority to a portion of these funds. In rendering judgment for the lessees, the Court of Appeals held:

1. A purchaser of land in the actual possession of a third party is chargeable with notice of an equitable title of the party in possession, whatever the same may prove to be.

2. A lessee in actual possession under the defectively executed lease, and the one under the properly executed lease, but not recorded, are entitled to hold possession of said property for full period of their leases as against the plaintiff, and this is so whether the plaintiff had actual notice of occupancy of said premises or not at the time he purchased said mortgage, or whether his predecessor in title had actual notice of said occupation of said property or not.

3. Both of said lessees are entitled to the use and occupancy of said properties as against the plaintiff or have the value of the remainder of their leases ascertained and the amount thereof deducted from the fund remaining from the sale of said premises.

Attorneys—F. A. Stetson, for Parsons; E. M. Stevens, for Weinstein; all of Elyria.